UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

DOROTHY PONIATOWSKI,

                                    Plaintiff,

            -against-

JEH JOHNSON,

                                    Defendant.

-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/9/2016

15-CV-01330 (PKC)(SN)

**REPORT AND RECOMMENDATION**

**SARAH NETBURN, United States Magistrate Judge.**

**TO THE HONORABLE P. KEVIN CASTEL:**

      Since filing this action in February 2015, plaintiff Dorothy Poniatowski has repeatedly missed deadlines, failed to appear at court conferences, and failed to serve or respond to discovery demands. I recommend dismissing her complaint without prejudice for failure to prosecute.

## BACKGROUND

      On February 23, 2015, Ms. Poniatowski sued defendant Jeh Johnson in his official capacity for employment discrimination. She has since done little to prosecute her case. She failed to appear at Court-scheduled conferences on July 6, August 4, and September 22, 2015. After Ms. Poniatowski failed to appear at the September 22 conference, her son Adrian Poniatowksi reported that she had been "seen by her physician" for "an unexpected reason." ECF No. 23 at 1. The Court rescheduled the conference for September 28, 2015, and warned Ms. Poniatowski that her continued "failure to prosecute this case could lead to the dismissal" of her claims. Id. Ms. Poniatowski appeared at the September 28 phone conference, and the Court

instructed the parties to meet and confer to propose a discovery schedule. On October 2, 2015, defense counsel submitted a proposed discovery schedule but reported that she had been unable to reach Ms. Poniatowski. See ECF No. 24. On October 6, 2015, the Court ordered discovery deadlines. ECF No. 25. On December 2, 2015, defense counsel reported that she had served Ms. Poniatowski with discovery requests but had received nothing in return. See ECF No. 26. On December 4, 2015, Ms. Poniatowski's husband told the Court that Ms. Poniatowski would temporarily be unable to prosecute her case for personal reasons, and the Court stayed all deadlines for 60 days. See ECF No. 28.

      Ms. Poniatowski failed to appear at a February 5, 2016 telephone conference, and the Court ordered her to show cause why her complaint should not be dismissed for failure to prosecute. See ECF No. 30. Ms. Poniatowski wrote that she intended to prosecute her claims and promised to contact the defendant by March 11, 2016, to devise a discovery schedule. ECF No. 31. The Court ordered the parties to file a proposed discovery schedule by March 16, 2016. Id. On March 16, 2016, defense counsel told the Court that Ms. Poniatowski had not contacted her to discuss the discovery schedule and four attempts to contact Ms. Poniatowski had failed. See ECF No. 32. The Court scheduled a status conference for March 29, 2016, and warned Ms. Poniatowski that "she must appear at the conference in person or risk having her complaint dismissed for failure to prosecute." ECF No. 33 at 1. Ms. Poniatowski missed that status conference, and a relative told the Court that she was unable to attend because she was in the hospital. See ECF No. 34 at 1. The Court instructed Ms. Poniatowski to file a letter from her physician and a proposed discovery schedule by April 8, 2016. Id. The Court warned that "her health problems notwithstanding, it is her burden to prosecute her claims." Id.

To date, Ms. Poniatowski has not submitted a physician's note or a proposed discovery schedule.

## DISCUSSION

A plaintiff must prosecute her case diligently. *See* Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982). Under Federal Rule of Civil Procedure 41(b), the court may dismiss an action for failure to prosecute if the plaintiff fails to meet this obligation. A plaintiff's "lack of diligence alone is enough for dismissal," and the court may dismiss the action *sua sponte*. West v. City of New York, 130 F.R.D. 522, 526 (S.D.N.Y. 1990).

In deciding whether to dismiss an action for failure to prosecute, the court must consider five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (internal quotation marks omitted). No particular factor is dispositive. Id. The court need not discuss each factor through "robotic incantations," id. at 217 (internal quotation marks omitted), but must provide a reason for the dismissal. See Grace v. New York, 10 Civ. 3853 (LTS)(GWG), 2010 WL 3489574, at *2 (Sept. 7, 2010), report and recommendation adopted, 2010 WL 4026060 (S.D.N.Y. Oct. 14, 2010).

Here, Ms. Poniatowski has failed to advance her claims in any meaningful way since she filed her complaint more than a year ago. She has failed to appear at Court conferences and missed Court deadlines nine times. The Court has warned her three times that a failure to

prosecute could result in dismissal and has repeatedly given her opportunities to pursue her claims. The Court understands that she may be in ill health, but her inability to meet the Court's deadlines—or even respond to the Court's orders—has made it impossible for the Court to manage this litigation. It is also prejudicial to the defendant, who is prepared to defend these claims while the evidence becomes stale. Accordingly, I recommend dismissing this action without prejudice. Ms. Poniatowski will have yet another opportunity to show cause why her case should not be dismissed by objecting to this Report and Recommendation.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   New York, New York
         May 9, 2016

\*          \*          \*

## NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable P. Kevin Castel at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Castel. The failure to file these timely objections will result in a waiver of

4

those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).


cc:		Dorothy Poniatowski (*By Chambers*)
		9 Mourning Dove Lane
		Brewster, NY 10509

		poniat@aol.com